Claude BORNE, Plaintiff-Appellant,

v.

A & P BOAT RENTALS NO. 4, INC., Defendant-Appellee.

No. 84–3218
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 22, 1985.

Paul J. Galuszka, New Orleans, La., for plaintiff-appellant.

Arden J. Lea, David J. L'Hoste, New Orleans, La., for defendant-appellee.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Invoking the Jones Act and general maritime law, Claude Borne sued A & P Boat Rentals No. 4, Inc., owner and operator of the M/V ROBIN, for personal injuries sustained while a member of the crew of that vessel. Borne requested trial by jury on all issues. Prior to trial, Borne discharged his attorneys and retained new counsel. The original law firm requested leave to intervene in the litigation to assert its contractual claim against Borne's recovery. The intervention was allowed.

On December 15, 1983 trial by jury began. After the first day of trial, the district judge invited counsel into chambers to discuss settlement. After extensive negotiations counsel agreed to the settlement of Borne's claim for $9,000. The intervenor was not present for trial and did not participate in the settlement discussions and agreement. The following day the court dismissed the jury and entered the routine 60-day dismissal order conditioned upon completion of the settlement. Five days later A & P tendered its check together with a receipt and release and dismissal papers. Borne returned the package unopened and his counsel informed the court that Borne declined the settlement as "not reasonable under the circumstances" and requested that the case be reinstated on the trial docket.

A & P immediately sought enforcement of the settlement agreement. The intervenor moved for recognition of its claim against the settlement proceeds. On March 12, 1984 the court granted the motion of A & P, ordered the settlement enforced and authorized A & P to deposit the funds in the registry of the court. The trial court then referred the intervenor's claim to a magistrate. The record before us does not reflect the disposition of that claim.

Borne appeals the judgment of March 12, 1984. Both parties inform the court that the March 12, 1984 decree is a final order appealable under 28 U.S.C. § 1291. It is axiomatic that parties may not stipulate appellate jurisdiction. We are obliged, *sua sponte* if necessary, to examine the basis for our jurisdiction. *Koke v. Phillips Petroleum Co.*, 730 F.2d 211 (5th Cir.1984); *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100 (5th Cir.1981). Doing so, we find jurisdiction lacking. When the appeal was noted, and apparently when appellate briefs were filed, the claim of the intervenor had not been resolved. When the intervention was allowed, the suit became a multiparty action within the meaning of Fed.R.Civ.P. 54(b). *Huckeby v. Frozen Food Exp.*, 555 F.2d 542 (5th Cir. 1977). The "intervenor is treated as if he were an original party and has equal standing with the original parties." *Marcaida v. Rascoe*, 569 F.2d 828, 831 (5th Cir.1978). The dismissal of Borne's claim against A & P did not address the intervenor's claim. *See Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52 (5th Cir.1970); *accord, Gilbert v. Johnson*, 601 F.2d 761 (5th Cir.1979), *cert. denied*, 445 U.S. 961, 100 S.Ct. 1647, 64 L.Ed.2d 236 (1980). The decree of March 12, 1984 therefore resolved less than all of the claims before the court. The record does not contain a certification under Fed. R.Civ.P. 54(b) which permits the district court's entry of final judgment on fewer than all of the claims asserted. Without that certification, the March 12, 1984 decree is not immediately appealable absent a recognized exception to the final judgment requirement of 28 U.S.C. § 1291. *Boudeloche v. Tnemec Co., Inc.*, 693 F.2d 546 (5th Cir.1982).

Appellant Borne, burdened with demonstrating the existence of jurisdiction, *Pettinelli v. Danzig*, 644 F.2d 1160 (5th Cir.1981), suggests no exception to the final judgment rule. Nor do we find any. The jurisprudential equitable exception triggered by "substantial rights of the parties which will be irreparably lost if review is delayed until final judgment," *Huckeby*, 555 F.2d at 549, *quoting United States v. Wood*, 295 F.2d 772, 778 (5th Cir.), *cert. denied*, 369 U.S. 850, 82 S.Ct. 933, 8 L.Ed.2d 9 (1962), does not apply. We perceive no hardship. Equally inapplicable is the statutory allowance of interlocutory appeals in admiralty cases, without a Rule 54(b) certificate. 28 U.S.C. § 1292(a)(3); *Gulf Towing Co., Inc. v. Steam Tanker, AMOCO N.Y.*, 648 F.2d 242 (5th Cir.1981). Borne prayed for trial by jury, he did not invoke admiralty jurisdiction and made no reference to Fed.R.Civ.P. 9(h). *Moser v. Texas Trailer Corp.*, 623 F.2d 1006 (5th Cir.1980). The admiralty exception offers no surcease.

The judgment rendered by the court on March 12, 1984 adjudicated the claims of less than all of the parties. An appeal from such a decision which does not qualify for a statutory or jurisprudential exception from the final judgment rule, and which is unaccompanied by a Rule 54(b) certification, must be dismissed for want of jurisdiction. *Boudeloche v. Tnemec Co., Inc.; Huckeby v. Frozen Food Exp.*

APPEAL DISMISSED.