NOBLE DRILLING, INC., Plaintiff–Counter Defendant–Appellee,

v.

Albert DAVIS, Defendant–Counter Plaintiff–Appellant,

v.

POPICH BROTHERS WATER TRANSPORT, INC., Counter Defendant–Appellee.

No. 94–41208
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 15, 1995.

V. Ross Cicardo, Eugene P. Cicardo, Cicardo Law Offices, Alexandria, LA, for appellant.

Richard M. Simses, John M. Ribarits, Abbott & Meeks, Houston, TX, for Noble.

Philip F. Cossich, Jr., Gregory W. Minton, Cossich & Assoc., Belle Chasse, LA, for Popich.

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

This is an appeal from an interlocutory order approving a settlement in a Jones Act case. The order did not dispose of all of the intervenors to the action and the district court did not conduct a hearing to ensure

that the seaman's rights were protected. Therefore, after determining that we have jurisdiction to hear this appeal under the interlocutory exception for certain admiralty claims, 28 U.S.C. § 1292(a)(3), we VACATE the opinion of the district court and REMAND the case for a hearing as to the terms of the settlement and a disposition of all intervenors' claims.

## BACKGROUND

Noble Drilling originally filed this action seeking declaratory judgment against Albert Davis regarding liabilities for an injury he sustained while working for Noble. The parties later agreed, and the trial court ordered, that the "suit would remain open only until Davis [the injured party] files a personal injury claim". Davis filed a counterclaim against Noble Drilling alleging violations of the Jones Act and unseaworthiness claims. Davis later amended his counterclaim to include Popich Water Transport, Inc. ("Popich"), the owner of the boat on which he was injured.

Davis' attorney of record changed several times during the course of the litigation. Darrel D. Ryland ("Ryland") intervened in the litigation on May 4, 1993, seeking payment of attorney's fees earned in the course of representing Davis. On July 27, 1994, the law firm of Neblett, Beard & Arsenault ("Neblett") intervened, also seeking attorney's fees from Davis. On October 12, 1994, the court granted motions to enforce settlement filed by both Noble and Popich. The order was stamped "judgment entered 10/17/94." On October 21, 1994, the court granted Neblett's motion for a separate trial on its intervention claims.

The district court's October 12 order enforcing settlement is the subject of this appeal. Settlement negotiations began in January 1994. On April 28, 1994, a magistrate judge conducted a settlement conference, with Davis present. Although the parties failed to reach a settlement in conference, negotiations continued between the attorneys. On May 2, 1994, Noble's counsel sent a letter to Davis' counsel confirming a settlement agreement which required that the co-defendants pay $20,500 each within thirty days after May 2. The fact that there was an agreement on May 2 is not in dispute. Davis' counsel received a check from Noble on June 9, and from Popich on June 13, both well after the June 2 deadline. On June 23, 1994, Davis' counsel returned both tendered checks claiming that the checks were not timely. Noble and Popich demanded that the settlement be honored in a letter dated June 28, 1994. Noble filed a motion to enforce the settlement on August 2, and Popich did the same on August 31. Those motions were granted on October 12 by the district court.

## APPELLATE JURISDICTION PURSUANT TO 28 U.S.C. § 1291

■ All three parties to the appeal invoke the court's jurisdiction pursuant to 28 U.S.C. § 1291. In order to appeal under § 1291, there must be a final judgment. There are several reasons why the "judgment" rendered in this case can not be considered "final" for the purposes of appeal. Therefore, this Court does not have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

■ At the time of the court's order on October 12, there were still two interventions in place—those of Ryland and Neblett. The court's order did not address the merits of those two claims. Generally, unresolved attorney's fees do not prevent an appeal of a judgment based on § 1291. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178 (1988) ("an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final").

However, the Fifth Circuit has carved out an exception to the general rule of *Budinich.* This Court has held that a claim by an intervening attorney for attorney's fees was not collateral, and thus, until that question was resolved, no final judgment could be entered. *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 521–22 (5th Cir.1994) (citing FED. R.CIV.P. 54(b)); *Borne v. A & P Boat Rentals No. 4*, 755 F.2d 1131, 1133 (5th Cir.1985) (hereinafter *"Borne I"*). *Deus* comports with the result in *Budinich* because the in-

194

tervention "does remedy the injury giving rise to the action. . . ." *Deus*, 15 F.3d at 521 (quoting *Budinich*, 486 U.S. at 200, 108 S.Ct. at 1721).

In the instant case, just as in *Deus*, the respective attorneys have "an independent claim on the merits against [Davis] under" each contract. *Id.* at 523. Indeed, the facts of this case are highly analogous to those in *Borne I*, which held that "[w]hen the appeal was noted, and apparently when appellate briefs were filed, the claim of the intervenor had not been resolved." *Borne I*, 755 F.2d at 1133. *Borne I*'s intervenor was also an attorney seeking payment of fees after being dismissed by the injured plaintiff. *Id.* Thus, the October 12 order of the court could not have been final, as the intervenors' claims remained unresolved.

Further, on October 21, the court granted a separate trial to Neblett on its claim in intervention. Logically, if all claims had been disposed of, the court could not grant a separate trial to any party. The intervenors' claims remained unadjudicated as of October 12. The court's order of a separate trial is important because it impacts the finality of any possible judgment. "Separate trials usually will result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently." 9 Wright & Miller, *Federal Practice and Procedure:* Civil 2d § 2387 (1995). Thus, the order of October 12 could not have been final, since final judgment was not rendered on any intervenor claims. The existence of remaining intervention and cross-claims requires the conclusion that the "judgment" rendered by the trial court was not "final." Thus, § 1291 does not vest this Court with appellate jurisdiction to hear this case.

*APPELLATE JURISDICTION PURSUANT TO 28 U.S.C. § 1292(a)(3) AND ITS ADMIRALTY EXCEPTION*

 Section 1292(a)(3) allows interlocutory appeals from orders in admiralty cases which "determin[e] the rights and liabilities of the parties." This section:

was designed to apply in circumstances distinctive to admiralty where it is not uncommon for a court to enter an order finally determining the issues of liability between the parties and then to refer the case to a master for a determination of damages. Courts have tended to construe this provision rather narrowly and it has not been read to permit interlocutory appeals in admiralty except where the order, regardless of the label affixed to it had the effect of determining the rights and obligations of the parties.

*Treasure Salvors v. Unidentified Wrecked and Abandoned Sailing Vessel*, 640 F.2d 560, 564 (5th Cir.1981). *See Hollywood Marine, Inc. v. M/V ARTIE JAMES*, 755 F.2d 414, 416 (5th Cir.1985); *Francis v. Forest Oil Corp.*, 798 F.2d 147, 149 (5th Cir.1986). Section 1292(a)(3) is an exception to the federal courts bias against interlocutory appeals.

In *Gulf Towing Co., Inc. v. Steam Tanker, Amoco, N.Y.*, 648 F.2d 242, 244 (5th Cir. 1981), the parties contended that a court's judgment was not final because cross-claims between defendants were not addressed. We held that because the rights and liabilities of the defendant as to the plaintiff were determined, "an interlocutory appeal under Section 1292(a)(3) will lie." *Id.* at 244; *see* 28 U.S.C. § 1292(a)(3). In the instant case, the settlement agreement determines the rights and liabilities as between Davis and the co-counter defendants. The only claims left to decide are those of the intervenors.

To determine if appellate jurisdiction is proper over this interlocutory appeal, we must first determine that subject matter jurisdiction is based in admiralty. *Borne I*, 755 F.2d at 1133; *Francis v. Forest Oil Corp.*, 798 F.2d 147, 149 (5th Cir.1986). In *Borne I*, we denied appellate jurisdiction due to remaining intervenor claims, but noted that admiralty jurisdiction had not been pled or argued by the parties. *Borne I*, 755 F.2d at 1133. The plaintiff in that case asked for trial by jury, failed to invoke admiralty jurisdiction, and made no reference to FED. R.CIV.P. 9(h). *Id.*

The instant case was originally brought by Noble seeking declaratory judgment against Davis. However, that cause was dropped pursuant to a court order when Davis coun-

terclaimed against Noble for his personal injury claims. In his Rule 9(h) counterclaim, Davis asserted jurisdiction in admiralty pursuant to "General Maritime Law and the Jones Act." Davis did not request a jury trial. We hold that proper jurisdiction for the court on this claim was based in admiralty.

■ The court's order enforcing settlement disposes of the substantial rights and liabilities of the plaintiff and both defendants. "[A]n agreement of the parties settling a disputed liability is as conclusive of their rights as a judgment would be...." *Cia Anon Venezolana De Navegacion v. Harris*, 374 F.2d 33, 35 (5th Cir.1967) (quoting authority omitted). The order enforcing settlement effectively terminated any claim of Davis for relief.[1] "As a general rule, whenever an order in an admiralty case dismisses a claim for relief on the merits it is appealable under section 1292(a)(3)." *Francis*, 798 F.2d at 149 (citing authority omitted).[2]

## DISTRICT COURTS' POWER TO ENFORCE ORAL SETTLEMENT AGREEMENTS IN ADMIRALTY

■ Seaman "are wards of admiralty whose rights federal courts are duty-bound to jealously protect." *Bass v. Phoenix Seadrill/78, Ltd.*, 749 F.2d 1154, 1160–61 (5th Cir.1985). But, "[w]hen a seaman is acting upon independent advice and that advice is disinterested and based on a reasonable investigation, there being no question of competence, a settlement agreement will not be set aside." *Borne v. A & P Boat Rentals No. 4, Inc.*, 780 F.2d 1254, 1258 (5th Cir. 1986) (affirming order enforcing oral settlement agreement) (hereinafter "*Borne II*").

Although the settlement agreement in the underlying case may have been legitimate, it does not appear that the court gave Davis ample opportunity to present evidence, or at least argue for his position. In *Borne II*, the court had no violation of the settlement agreement to consider, the plaintiff argued only that it was not "reasonable under the

circumstances". *Borne II*, 780 F.2d at 1257. In *Mid–South Towing Co. v. Har–Win, Inc.*, 733 F.2d 386 (5th Cir.1984), this Court remanded part of an order to enforce a settlement because a party did not get an evidentiary hearing on a factual issue in dispute (attorney authority). In that case, argument on the motions was not enough. *Id.* In the instant case, there has been no argument on several disputed facts. For example, the issue of whether the parties agreed to extend the deadline for payment beyond the original 30 days, and the issue of what, if any, additional medical payments were agreed to by the settlement.

■ Further, the actual terms of the settlement agreement have not been entered into the record by the district court. Fifth Circuit precedent does not demand that the court have the terms of the relevant written settlement agreement before it in order to enforce oral settlement agreements. *See, e.g., Borne II*, 780 F.2d at 1258 n. 2 (court refers to settlement agreement); *Mid–South*, 733 F.2d at 388 (motion supported by copies of the various settlement negotiation letters); *Strange v. Gulf & South American Steamship Co., Inc.*, 495 F.2d 1235 (5th Cir.1974) (oral agreement to settle is enforceable). However, *Mid–South* and *Strange* do not involve the added complexity of intervenors or cross-claims. Thus, the settlements in those cases could not have involved any claims aside from those of the principal parties to the lawsuit.

## CONCLUSION

For all the foregoing reasons, we believe that the interests of justice and our responsibility to seamen will best be served by vacating the order of the district court approving the settlement and remanding this case to the district court for a hearing as to the content of the settlement agreement and the performance thereof by the parties and the rights, if any, of the intervenors in relation thereto or thereunder. On the basis of the facts and law determined in such a hearing,

---

1. We note that dismissal may have been more appropriate.

2. After the appeal was docketed, and before the briefs were submitted, we asked the parties to specifically address the issue of jurisdiction. However, none of the parties briefed the issue.

the district court should enter a sufficient judgment determining the terms of the settlement, and the rights of any intervenors. Therefore, the order of the district court is VACATED and the case REMANDED to the district court.