IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40540
USDC No. 1:93-CV-626
_____


IRA FONTENOT,

                                        Plaintiff-Appellant,

versus

RANDY MCLEOD, Warden, Mark Stiles
Unit, REED SMITH, WILBURN GORE,
Major, Mark Stiles Unit, JODY
HATCH, First shift sgt, RICKEY D.
TARVER, Captain on first shift,
ROGER NALLS, Sgt first, LESLEY
WAGES, Disciplinary Captain, KEVIN
SWIFT, Officer, STEPHEN LAWRENCE,
MARTIN MCDANNEL, Lt first shift,

                                        Defendants-Appellees.


---------------------

Appeal from the United States District Court
for the Eastern District of Texas

---------------------
December 11, 1995

Before HIGGINBOTHAM, DUHÉ and EMILIO M. GARZA, Circuit Judges.


PER CURIAM:[*]

     This court must examine the basis of its jurisdiction on its

own motion if necessary.  Mosley v. Cozby, 813 F.2d 659, 660 (5th

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

Cir. 1987). Ira Fontenot filed a motion to dismiss voluntarily the claims against all of the defendants except Leslie Wages, Stephen Lawrence, and Kevin Swift. See Fed. R. Civ. P. 41(a)(1). The magistrate judge recommended that the district court grant Fontenot's motion and enter a partial final judgment.

Rule 54(b), Fed. R. Civ. P., provides that "[w]hen more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The district court dismissed the claims against Wages, Lawrence, and Swift; however, there is no indication in the record that the district court granted the Rule 41 motion and entered a partial final judgment as to the remaining defendants. Because there are claims against numerous parties for which a final judgment has not been entered, the appeal must be dismissed. See Borne v. A & P Boat Rentals No. 4, Inc., 755 F.2d 1131, 1133 (5th Cir. 1985); Thompson v. Betts, 754 F.2d 1243, 1245 (5th Cir. 1985).

APPEAL DISMISSED.