IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-31232
Conference Calendar

_____

LARRY CAGE, Individually and as
administrator of the estate of his
minor children, Larry Cage, Jr.
Beverly Cage, Christy Cage, and
Janet Cage,

                                        Plaintiff-Appellant,

versus

BASF CORPORATION,

                                        Defendant-Appellee.

- - - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 94-CV-2669
- - - - - - - - - - -
June 25, 1996
Before HIGGINBOTHAM, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    This court must examine the basis of its jurisdiction on its

own motion if necessary.  Mosley v. Cozby, 813 F.2d 659, 660 (5th

Cir. 1987).  In this civil action, the plaintiff, through

counsel, has filed a notice of appeal from an order of the

district court entered on November 27, 1996, granting the motion

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

for summary judgment filed by defendant BASF Corporation. However, the intervention of Control Valve Specialists and, more particularly, the claim by BASF Corporation against Control Valve Specialists remain to be adjudicated. Rule 54(b), Fed. R. Civ. P., provides that "[w]hen more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." In the present case, the district court has not certified the order for appeal, and accordingly, the appeal must be dismissed. See Borne v. A & P Boat Rentals No. 4, Inc., 755 F.2d 1131, 1133 (5th Cir. 1985); Thompson v. Betts, 754 F.2d 1243, 1245 (5th Cir. 1985).

In so ruling, we conclude that the record fails to reflect the district court's unmistakable intent to enter a partial final judgment under Rule 54(b). Where there is at least a reference to Rule 54(b) in some relevant portion of the record, we do not require the judge to mechanically recite the words "no just reason for delay"; we can make the "very reasonable assumption" that the district judge knows the requirements of the "frequently used rule." See Kelly v. Lee's Old Fashioned Hamburgers, Inc., 908 F.2d 1218, 1220-22 (5th Cir. 1990) (en banc). However, in the present case, the district court did not mention either Rule

54(b), or any language therefrom, in either the order from which appeal is taken, or its order entered June 6, 1996, closing the case for statistical purposes.

APPEAL DISMISSED.