**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 00-30160
Summary Calendar

---

JOSEPH GRICE; STANLEY JOHNSON; ENOLA LASSERE; JOHN LUCAS, SR;
KEVIN M PHILLIPS; ALVIN ROUSSELL; SAMUEL TURNER,

Plaintiffs-Appellants,

VERSUS

ST JAMES PARISH; ELWYN BOCZ; TIMOTHY ROUSSEL; ERIC POCHE; RALPH A
PATIN, JR; OLIVER COOPER, SR; ELTON AUBERT; JAMES BRAZAN; and
JODY CHENIER,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Eastern District of Louisiana, New Orleans Division

(98-CV-2849-F)

April 18, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellants argue that the magistrate judge erred by concluding

that their former attorney had actual authority to settle their

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Title VII claims. During a bench trial, the Appellants' former attorney testified that she received a settlement offer from the defendants on August 12, 1999 and obtained actual authority to accept the defendants' offer through telephone conversations with each plaintiff on the same day. The Appellants testified that they did not give their attorney permission to settle over the telephone. They claimed that they met as a group with the attorney on August 12, at which time they expressed their dissatisfaction with the offer. Appellants testified that their attorney never had authority to settle the case.

In his Order and Reasons, the magistrate judge found that the evidence supported the attorney's version of the events. The judge concluded that the attorney had actual authority to settle the case on August 12, 1999. Once the attorney accepted the offer, the litigants were bound by the oral settlement agreement. *See Noble Drilling, Inc. v. Davis*, 64 F.3d 191, 195 (5th Cir. 1995) (citing *Strange v. Gulf & South American Steamship Co.*, 495 F.2d 1235 (5th Cir. 1974).

Appellants' only argument on appeal is that the trial court erred by accepting the attorney's testimony rather than their perception of the events. We review the magistrate judge's factual findings for clear error. *See Lockette v. Greyhound Lines, Inc.*, 817 F.2d 1182, 1185 (1987). In cases where the plausibility of a witness's testimony is questioned on appeal, we defer to the trial

2

court's credibility assessment. *See Canal Barge Co., Inc. v. Torco Oil Co.*, 220 F.3d 370, 375 (5th Cir. 2000). "We are reluctant to set aside findings that are based upon a trial judge's determination of the credibility of witnesses giving contradictory accounts." *Id.*

After reviewing the testimony and evidence admitted at trial, we find the magistrate judge did not clearly err in adopting the attorney's version of the facts over the Appellants'. The judgment enforcing the settlement agreement is therefore affirmed.

AFFIRMED