**Noor Begum KARIM, et al.**

v.

**FINCH SHIPPING COMPANY, et al.**

**No. Civ.A. 95–4169.**

United States District Court,
E.D. Louisiana.

Feb. 15, 2002.

Jane L. Johnson, New Orleans, LA, Paul C. Miniclier, David A. Binegar, The Law Office of Paul C. Miniclier, New Orleans, LA, Priscilla M. Schwartz, Priscilla M. Schwartz, Metairie, LA, for Plaintiffs.

Randolph J. Waits, James A. Cobb, Jr., John F. Emmett, Emmett, Cobb, Waits & Kessenich, New Orleans, LA, Andrew Struben deKlerk, Joseph Dwight Leblanc, III, Frilot, Partridge, Kohnke & Clements, LC, New Orleans, LA, Thomas H. Kingsmill, III, Fowler, Rodriguez & Chalos, New Orleans, LA, Woody Falgoust, Thibodaux, LA, Alanson Trigg Chenault, The O'Neil Group, LLC, New Orleans, LA, Thomas M. Richard, Jamie M. Bankston, Chopin, Wagar, Cole, Richard, Reboul & Kutcher, LLP, Mandeville, LA, for Defendants.

### ORDER & REASONS

FALLON, District Judge.

Before the Court is the motion of plaintiff's attorney seeking distribution of funds previously deposited into the Registry of the Court. The motion will be scheduled for hearing for the reasons hereinafter set forth.

### BACKGROUND

This case had its genesis on August 17, 1995, when the plaintiff, Noor Bagum Karim, sustained serious injuries while working as a seaman and/or member of the crew of the M/V LOUSSIO. The injury occurred on the high seas off the coast of Bermuda. The vessel flew a Panamanian

Flag and was owned by a Maltese corporation, which maintained its base of operation in Pakistan. Karim is a resident and citizen of Bangladesh who contracted with the vessel owner in Bangladesh. Karim is permanently disabled from his injuries and presently resides in Bangladesh. This Court in its opinion of April 14, 2000 found that the law of Bangladesh was the substantive law applicable to the case. *See Karim v. Finch Shipping Co. Ltd.*, 94 F.Supp.2d 727 (E.D.La.2000), *aff'd*, 265 F.3d 258 (5th Cir.2001). Applying the law of Bangladesh, the Court found the vessel owner liable and awarded Karim the following damages: $13,081.28 for past lost earnings; $26,451.70 for future lost earnings, $63,668.16 for outstanding medical expenses, $20,000.00 for future medical expenses; $160,000.00 for general damages, and $70,000.00 for litigation costs, including attorney's fees. In addition, the judgment provided that Karim was entitled to pre-judgment interest on the past losses at the rate of 5.6% per annum from November 25, 1998, and interest at the same rate on all sums from the date of judgment until paid. The sum totaled $407,055.43. *See Karim*, 94 F.Supp.2d at 746. Pursuant to Court order this amount was deposited into the Registry of the Court.

Plaintiff now files an ex parte motion to withdraw the funds from the Registry of the Court. At the Court's direction plaintiff's counsel submitted an accounting describing the method in which the funds are to be disbursed. The accounting sets forth the proposed distribution as follows:

| | |
|---|---|
| Advances and Personal Expenses of Mr. Karim | $ 91,901.73 |
| Medical Expenses | $ 62,209.79 |
| Litigation Expenses | $104,252.94 |
| Miscellaneous Expenses | $ 34,129.01 |
| Total Expenses | $292,493.47 |
| Balance of Judgment After Expenses | $114,561.96 |
| Fees Earned Pursuant to Contract | $146,837.67 |
| Balance of Judgment After Fees Earned | ($ 32,275.71) |
| Net Recovery to Mr. Karim | –0– |

According to this accounting, after deducting attorney's fees, advances, medical expenses, litigation expenses, and miscellaneous expenses, the net recovery to Karim is zero. At first blush this result seems harsh. The medical providers, the attorneys, the banks, and others, received some form of recompense. Karim, who fractured his lumbar vertebra and hip, pelvis, leg, ankle, heel and wrist on the left side, sustained several herniated discs in his back and neck, as well as a detached retina in his right eye, who is permanently disabled from returning to maritime work, and who is likely to require future medical care, takes home nothing.

### ANALYSIS

In its opinion this Court held that the substantive law applicable to the case is the law of Bangladesh. Jurisprudence from Bangladesh, India, and Great Britain was considered in determining the elements of the plaintiff's damage as well as the parameters of the quantum for those elements. Furthermore, pursuant to Bangladesh law this Court awarded litigation costs, including attorneys fees, in the amount of $70,000. This amount took into consideration the nature and the extent of the legal services rendered as well as the amount of the plaintiff's recovery. Therefore, a seminal issue in deciding counsel's motion is the effect of the Court's ruling regarding the applicability of Bangladesh law to this case and the awarding of attorneys fees under that law for services rendered by counsel in this case. That is to say in view of this ruling, is counsel entitled to anything more by way of attorneys fees than the amount awarded by this Court in its judgment. In other words, if the plaintiff is confined to the amount awarded by the judgment because he is governed by Bangladeshi law, why isn't his counsel.

But, even if this Court can utilize the law of the United States or the law of Louisiana rather than Bangladeshi law to interpret counsel's contract of employment with the plaintiff, the decision is not perfunctory. There still remains the question of whether the fees to be charged are reasonable under the circumstances.

█ Local Rule 83.2.4E provides that the Rules of Professional Conduct of the Louisiana State Bar Association are adopted by this Court. Rule 1.5 of the Louisiana Rules of Professional Conduct provides that a lawyer's fee must be reasonable. A Court has an affirmative duty to scrutinize litigation expenses in situations in which the claimant receives little or nothing at the termination of the case. Courts may inquire into the reasonableness of attorney fees as part of their prevailing, inherent authority to regulate the practice of law. *DOTD v. Williamson*, 597 So.2d 439, 441–42 (La.1992). This is particularly true when seamen are involved. Maritime law has a long history of treating seaman as the wards of the admiralty and empowering the Court to take necessary and appropriate steps to insure their fair treatment. *See Noble Drilling, Inc. v. Davis*, 64 F.3d 191 (5th Cir.1995); *Gettys v. Snelling*, 770 F.2d 165 (6th Cir.1985).

█ Before making a determination as to the reasonableness of the attorneys fees in this matter it is necessary for the Court to examine the nature and extent of the expenses incurred as well as the legal services rendered. In short, there are legal and factual issues which must be assessed in order to approve or assess counsel's proposed distribution.

### CONCLUSION

In order to allow a complete and studied consideration of these issues, counsel's motion will be set for hearing affording time for appropriate briefing and presentation of evidence addressing these matters. It is the belief of this Court that this matter can be more fully developed in an adversarial setting. Therefore, pursuant to the authority granted in 28 U.S.C. § 1915(e), the Court will appoint Jane Johnson and the Tulane Law School Law Clinic to represent the interests of the plaintiff, Noor Begum Karim, at the hearing.