# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2008

Charles R. Fulbruge III
Clerk

No. 05-51679
Summary Calendar

JAVIER PEDRO MANRIQUEZ

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA

Defendant - Appellee

_____

CONSOLIDATED with
Case No. 05-51680

JAVIER PEDRO MANRIQUEZ

Plaintiff - Appellant

v.

MICHAEL MACHEN, MD; UNITED STATES OF AMERICA

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:03-CV-064

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This is a medical malpractice case. Javier Pedro Manriquez was injured in a car accident and alleged that he suffered further injury at the hands of two medical residents who cared for him at the R.H. Thomason General Hospital in El Paso, Texas ("Thomason Hospital"). Because Manriquez's notice of appeal in suit number 3:03-CV-507 is untimely and his notice of appeal in suit number 3:03-CV-064 is not an appeal from a final order or judgment, we dismiss.

## I. FACTS AND PROCEEDINGS

Manriquez was in a serious car accident and was taken to the emergency room at Thomason Hospital with a dislocated hip. On December 11, 2003, Manriquez filed suit in district court against Thomason Hospital and against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671, alleging that his hip was further injured by two medical residents during their attempts to treat him.[1] At the time of the alleged malpractice, the medical residents were on active duty in the U.S. Army and were enrolled in a medical training program run by Texas Tech University Health Services Center ("Texas Tech").

That suit was docketed in the district court under case number 3:03-CV-507 ("Suit I"). Manriquez also filed suit against Texas Tech in Texas state court in December 2003. More than two years later, in January 2005, Manriquez amended his state court suit against Texas Tech to include the medical residents, and the United States removed the case and moved to substitute itself

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Thomason Hospital was later dismissed from the suit at Manriquez's request.

as the defendant.  That suit was docketed in the district court as case number 3:03-CV-064 ("Suit II").

The government moved for summary judgment in Suit I on January 20, 2005.  Suit I and Suit II were consolidated on March 24, 2005.  On September 23, 2005, the district court granted the United States' motion for summary judgment in Suit I.  On the same day, the district court issued a final judgment severing Suit I and Suit II and dismissing Suit I.

Also on September 23, 2005, the district court issued an order dismissing the United States as a defendant in Suit II "for the reasons set forth in the Memorandum Opinion and Order" issued in Suit I.  The district court reiterated its order that Suit I and Suit II be severed, and further ordered that "any additional pleadings in cause number EP-05-CA-0064-DB [Suit II] be filed by the parties under that case number, and not EP-03-CA-0507-DB [Suit I]."  The district court did not state that its September 23, 2005 order in Suit II was a final order.[2]

Manriquez filed a notice of appeal in the district court on Monday, November 21, 2005, under the docket number for Suit II.  He then filed an untimely, "amended" notice of appeal on Monday, November 28, 2005, listing the docket numbers for both Suit I and Suit II.  Manriquez incorrectly states in his brief on appeal that both notices of appeal were filed "within the sixty days prescribed by Rule 4(a)(1)(B)" of the Federal Rules of Appellate Procedure.  The November 21, 2005 notice, which only listed Suit II, was filed on the fifty-ninth day following the September 23, 2005 order in Suit II.  The November 28, 2005 notice, which listed Suit I and Suit II, was filed sixty-six days after the entry of

---

[2] Presumably, the order was not labeled as a final judgment because other defendants remained in the case.  In any case, the issue is waived.  Manriquez did not state that he was appealing from the September 23, 2005 order in Suit II, and he did not include this order in his record excerpts as required by Rule 30(a)(1)(C) of the Federal Rules of Appellate Procedure.

final judgment in Suit I.  The November 28, 2005 notice was therefore untimely under Rule 4(a)(1)(B), computed according to Rule 26(a) of the Federal Rules of Appellate Procedure.

In his statement of jurisdiction Manriquez only asserts that he is appealing from the final judgment in Suit I, which he cites by record page.  His notice of appeal with regard to Suit I was untimely, and we lack jurisdiction to consider it.  FED. R. APP. PROC. 4(a)(1)(B).  We also lack jurisdiction over his appeal of Suit II because Manriquez failed to identify a final order or judgment in that case from which appeal would have been proper.  Borne v. A & P Boat Rentals No. 4, Inc., 755 F.2d 1131, 1133 (1985).

## II.  CONCLUSION

The appeal is DISMISSED.