# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-20357

RICKY RAYMOND; DONALD EUBANKS; VIRGINIA LARA

Plaintiffs-Appellants

v.

UNIVERSITY OF HOUSTON

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
(05-CV-4149)

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Ricky Raymond, Donald Eubanks, and Virginia Lara ("Appellants") appeal the involuntary dismissal of their action against Defendant-Appellee University of Houston ("the University") for failure to prosecute under Federal Rule of Civil Procedure 41(b).  Because we conclude that the record here does not support the extreme sanction of dismissal with prejudice, we REVERSE the judgment of the district court and REMAND for further proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). In other words, "Rule 41(b) allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1190 (5th Cir. 1992). We review a district court's dismissal with prejudice for failure to prosecute pursuant to Rule 41(b) for an abuse of discretion. Id. at 1191. We have recognized, however, that a dismissal with prejudice is "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." Id. (internal quotations omitted). "Consequently, this Court has limited the district court's discretion in dismissing cases with prejudice." Id. We have stated:

> We will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay[1] or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.

Id. We have also stated that "in most cases where this Court has affirmed dismissals with prejudice, we found at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Id. (internal quotations omitted); see also Rogers v. Kroger Co., 669 F.2d 317, 320 (5th Cir. 1982) ("The cases in this circuit in which dismissals with prejudice have been affirmed on appeal illustrate that such a sanction is reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and

---

[1] We have found a "clear record of delay" where there have been "significant periods of total inactivity." Berry, 975 F.2d at 1191 n. 5 (internal quotations omitted).

ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors.").

At most, there appear to be two periods of purported inactivity during the pendency of this litigation: (1) from April 16, 2006 to November 27, 2006; and (2) from January 10, 2007 to March 26, 2007. The first period, during which the Appellants failed to participate in discovery, is wholly attributable to the serious health problems of their counsel Lionel Mills, who underwent surgery, spent time at a hospital, became sightless, and ultimately moved into a convalescent home, all unbeknownst to the Appellants themselves until November 2006. The second period, during which the Appellants failed to obtain new counsel by the court-ordered deadline, was not in fact a period of total inactivity. The Appellants participated in discovery and engaged in discussions with a new attorney, Larry Watts, about substituting as lead counsel for Mills, who could no longer adequately represent Appellants due to his health problems. Watts eventually agreed to become Appellants' counsel, but he negligently failed to inform the district court before the sixty-day deadline it had imposed on Appellants to find new counsel.

On this record, we do not find a clear record of delay or contumacious conduct on the part of the Appellants. Rather, counsel's conduct "more closely approximates the kind of negligence that does not warrant dismissal with prejudice." John v. State of Louisiana, 828 F.2d 1129, 1132 (5th Cir. 1987); see also Morris v. Ocean Sys., Inc., 730 F.2d 248, 253 (5th Cir. 1984) (calling counsel's conduct "more a matter of negligence than purposeful delay or contumaciousness"). Moreover, none of the three "aggravating factors" is present in this case: (1) the Appellants, as distinguished from their counsel, were not personally responsible for the delay in prosecuting this lawsuit; (2) there is no indication that the University was actually prejudiced by the delay in

prosecution of this case; and (3) the delay was not caused by any intentional conduct on the part of Appellants or their counsel.

REVERSED and REMANDED.