# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 10, 2013

No. 12-60214
Summary Calendar

Lyle W. Cayce
Clerk

DENNIS O'NEAL LEE,

Plaintiff-Appellant

v.

STEVE RUSHING, Sheriff,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:10-CV-623

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Dennis O'Neal Lee, Mississippi prisoner # 101953, appeals the magistrate judge's judgment granting defendant Steve Rushing's motion for summary judgment and dismissing his 42 U.S.C. § 1983 complaint alleging that Rushing was responsible for a delay in his receiving medical care for an infection of his scalp and for enforcing a deficient medical care policy at the jail. He also appeals the magistrate judge's dismissal of his complaint against Warden James Holman and Dr. Hein Schafer for failure to state a claim.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lee's contention that the magistrate judge should not have granted a summary judgment because he did not receive proper notice of his burden of proof is without merit because Lee provided affidavits and other documents that reflected that he was aware of his right to submit documentary evidence to dispute the facts alleged by the Sheriff. Nor did the magistrate judge abuse his discretion in precluding discovery of Lee's medication sign-in sheets. Lee did not demonstrate that the logs would have rebutted the evidence that his missed dose of medicine was an act of negligence and that the Sheriff implemented a sufficient policy of providing inmates with their prescribed medication. *See Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1441 (5th Cir. 1993).

In response to Rushing's summary judgment evidence that Rushing had no knowledge of Lee's scalp condition until late December 2009 and that Lee was under medical treatment at that time, Lee introduced evidence to show that Sheriff Rushing was aware of his serious scalp condition in November 2009 and that his failure to ensure his receipt of timely medical care and medication showed deliberate indifference to a serious risk of harm. If there were some delays or omissions in Lee's medical treatment, the evidence showed that the Sheriff had no personal involvement in Lee's medical care, Lee's medical complaints were monitored by the jail's medical personnel, he was under the care of a doctor and was taken to the hospital emergency room, and he also received various forms of medication to treat his scalp condition. Lee has failed to present competent evidence raising a genuine dispute as to a material fact regarding whether Sheriff Rushing intentionally ignored his medical complaints or denied him treatment. *See Scott v. Harris*, 550 U.S. 372, 380 (2007); *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Nor did Lee provide competent evidence raising a genuine issue of fact about the adequacy of the jail's medical care policy because his complaints were rebutted by the evidence showing that he received competent medical treatment for his scalp condition. Lee failed to present evidence that Sheriff Rushing knowingly

enforced a deficient policy that resulted in a violation of his constitutional right to medical care. In the absence of a showing of a constitutional violation, Rushing was entitled to the defense of qualified immunity, and his motion for summary judgment was properly granted. *See Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

We reject Lee's assertion that the magistrate judge erred in dismissing the complaint against Warden Holman prior to allowing Lee to conduct discovery because Lee failed to allege that Warden Holman was aware of the alleged unsafe barbering practices or that the warden personally participated in his medical care. *See Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009). Nor did the magistrate judge err in dismissing Lee's claim against Dr. Schafer because Lee's allegations reflect only his disagreement with the treatment chosen by Dr. Schafer and, at worst, a claim of medical malpractice. These allegations failed to give rise to an inference that Dr. Schafer acted with deliberate indifference to Lee's medical needs. Thus, the magistrate judge did not err in dismissing the complaint for failure to state a claim. *See id.; Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Finally, the magistrate judge did not abuse his discretion in denying Lee's motion for appointment of counsel because Lee has not shown that his case was exceptional, and he presented detailed factual allegations and the applicable law to the court. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007).

AFFIRMED.