# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-51347
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 24, 2015

Lyle W. Cayce
Clerk

JASON LEE MEDINA,

> Plaintiff - Appellant

v.

AMADEO ORTIZ, Bexar County Sheriff, In His Official Capacity; DEPUTY ANDRES BRAVO, In His Official and Individual Capacity; DEPUTY NERI, In His Official and Individual Capacity,

> Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CV-1230

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Jason Medina filed this civil rights lawsuit against a sheriff and two deputies alleging excessive force and denial of medical care. The Defendants obtained summary judgment on all claims except those for excessive force brought against the deputies. Medina filed an interlocutory appeal of that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51347

ruling, which we dismissed for lack of jurisdiction. When Medina failed to notify the district court about the dismissal of the appeal or otherwise pursue the case for five months, the magistrate judge dismissed the remaining claims under Federal Rule of Civil Procedure 41(b) for failure to prosecute. Finding that Medina waived his challenge to the Rule 41(b) ruling and no error in the earlier summary judgment ruling, we affirm.

**I**

The alleged constitutional violations stem from an incident that took place in the booking area of the Bexar County Adult Detention Center on January 19, 2011. Medina alleges that a fight broke out among several inmates. Sheriff deputies intervened and Medina was forced to the ground so that he could be handcuffed. According to Medina, he did not resist and was instead lying face down with his hands behind his back and his legs shackled. Medina further states that, while trying to handcuff him, deputies Andrew Bravo and Juan Neri kneed him in the right shoulder, twisted his left arm, and kicked him in the head. Deputy Bravo then pulled Medina off the ground and slammed him against a wall. Medina was escorted to the jail infirmary where a technician x-rayed his shoulder and allegedly told him he would be taken to the hospital to treat a broken shoulder and other injuries. But Medina claims he was taken back to his cell, and despite filing several grievances about the incident and his medical needs over the following weeks, he was not taken to the hospital for four months. Medina eventually was taken to the hospital where doctors diagnosed him with a shoulder blade fracture, head swelling, and possible nerve damage. Medina also contends that he suffered severe mental distress as a result of the incident.

Medina filed this Section 1983 lawsuit naming deputies Bravo and Neri in their individual and official capacities. He also brought official capacity

claims against the sheriff of Bexar County, Amadeo Ortiz, for failing to train or supervise the officers and for the subsequent denial of medical care.

The Defendants moved for summary judgment on all claims. Bravo and Neri asserted qualified immunity as to the excessive force claims, and also denied any involvement in Medina's subsequent medical care that could give rise to an Eighth Amendment violation. As to the official capacity claims, the Defendants argued that Medina failed to provide any evidence that a policy or custom led to the alleged constitutional violations. The district court granted summary judgment on all the official capacity claims and all claims for violation of the Eighth Amendment. But the district court found that fact issues existed on the excessive force claims against Bravo and Neri, such as whether and to what extent Medina resisted being handcuffed. This order was entered on March 4, 2014.

This seemingly routine Section 1983 action then took a number of unusual, and for Medina unfortunate, turns. On April 1, 2014, Medina's counsel appealed the district court's dismissal of the official capacity and Eighth Amendment claims. The district court had not authorized this interlocutory appeal, nor had either deputy appealed the denial of qualified immunity.

After the notice of appeal was filed, the parties consented to have the magistrate judge hear the case at the trial level. The magistrate judge asked the parties how the case should proceed during the pendency of the appeal, and both took the position that the case should be stayed. The magistrate judge agreed and entered an order staying the case on April 25, 2014, which stated that:

> **IT IS FURTHER ORDERED** that within **thirty (30) calendar days** of the Fifth Circuit's issuance of its mandate at the conclusion of plaintiff's pending appeal, the parties must file a joint or separate advisories to address any matters relating to the

resolution of the case in this Court, to include indicating whether the case in this Court should (a) remain administratively stayed and closed (pending resolution of any petition for writ of certiorari); (b) be scheduled for jury selection and trial (and if so, several dates on which the parties are available for trial); or (c) be handled in another way.

Not surprisingly given the interlocutory nature of the appeal, we dismissed Medina's appeal for lack of jurisdiction soon after it was filed. *See Medina v. Ortiz*, No. 14-50302 (5th Cir. June 17, 2014) ("When an action involves multiple claims, any decision that disposes of fewer than all the claims does not terminate the litigation and is not appealable unless certified under Federal Rule of Civil Procedure 54(b)."). The mandate was filed in the district court on July 3, 2014.

For the next five months, no activity took place in the case. Then, on December 1, 2014, the magistrate judge entered an order dismissing the remaining excessive force claims under Rule 41(b) for want of prosecution, specifically citing Medina's failure to comply with the court's April 25th order. This resulted in entry of final judgment on all Medina's claims.

Medina appeals that final judgment. However, Medina's opening brief does not mention the dismissal of his excessive force claims against Bravo and Neri for want of prosecution. Instead, Medina's opening brief argues that a fact dispute exists on whether Bravo and Neri used excessive force against him, and also challenges the granting of summary judgment on the official capacity and Eighth Amendment claims. Only in his reply brief does Medina argue that the district court should not have dismissed the excessive force claims under Rule 41(b). The Defendants contend that Medina waived his right to appeal the dismissal for want of prosecution of his excessive force claims against Bravo and Neri, and that the district court properly granted summary judgment on his other claims.

No. 14-51347

## II

We first address the excessive force claims against Bravo and Neri. Medina argues that a material fact dispute exists on the excessive force claims. But the district court agreed summary judgment was not warranted on those claims, which were instead dismissed for want of prosecution under Rule 41(b).

We agree with the Defendants that Medina has waived his right to appeal the dismissal of these excessive force claims for want of prosecution. "[An] appellant cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in the appellee's brief." *Stephens v. C.I.T. Group/Equip. Fin., Inc.*, 955 F.2d 1023, 1026 (5th Cir. 1992). The narrow exceptions to this rule are rarely applied. *See, e.g.*, *United States v. Myers*, 772 F.3d 213, 219 (5th Cir. 2014) (addressing a late raised issue because all parties conceded the district court committed plain error, the issue was of constitutional importance, and the error increased the defendant's sentence by at least three years); *United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010) (addressing a late raised issue because the issue "was addressed in the [appellee's] brief");[1] *Martinez v. Mukasey*, 519 F.3d 532, 545–46 (5th Cir. 2008) (addressing a late raised issue because it involved a question of statutory construction); *United States v. Bonilla-Mungia*, 422 F.3d 316, 319 (5th Cir. 2005) (addressing an issue raised for the first time in supplemental briefing because a party waived its waiver argument). Medina does not argue any exceptions apply. And though we have concerns about the application of Rule 41(b),[2] this case does not present the unique circumstances that we have

---

[1] Whereas the appellee in *Rodriguez* addressed the substantive issue in its opening brief, in this case the Defendants asserted only that the Rule 41(b) issue had been waived. *Compare* 602 F.3d at 361 (emphasizing the absence of prejudice to the appellee because it had already briefed the otherwise late raised issue).

[2] There was never an "express[] determin[ation] that lesser sanctions would not prompt diligent prosecution" or identification of an "aggravating factor" as required by Rule

No. 14-51347

recognized justify addressing a late raised issue. Medina therefore waived his right to appeal the dismissal of his excessive force claims against Bravo and Neri.

### III

That leaves Medina's challenge to the district court's grant of summary judgment, which we now have jurisdiction to review because the district court entered a final judgment. *See Borne v. A&P Boat Rentals No. 4, Inc.*, 755 F.2d 1131, 1133 (5th Cir. 1985).

Medina first argues that the Eighth Amendment claims against Bravo and Neri should not have been dismissed because they were deliberately indifferent to his need for medical care. But, as the district court found, Medina failed to produce any evidence that either deputy was involved in his medical care, or even knew about his medical condition or requests. Because Medina cannot establish that Bravo and Neri knew about the relevant facts or played any role in his medical care, he cannot show that they were deliberately indifferent to any medical needs. *See Lee v. Rushing*, 530 F. App'x 315, 318 (5th Cir. 2013) (affirming dismissal because there were no allegations "that the [defendant] personally participated in [the plaintiff's] medical care").

Medina next contends that a fact dispute precluded summary judgment on the official capacity claims against the sheriff's office. *See Hafer v. Melo*, 502 U.S. 21, 25 (1992) (holding that a suit against a public official in his official capacity is really a suit against the entity the official represents). Medina argues that the excessive force was caused by Sheriff Ortiz's failure to train or

---

41(b). *E.g.*, *Raymond v. Univ. of Houston*, 275 F. App'x 448, 449–50 (5th Cir. 2008) (listing the few circumstances that justify a Rule 41(b) dismissal with prejudice). Even the ground apparently ruled on—the five month period of inactivity—may not amount to the "clear record of delay" needed to dismiss a case under Rule 41(b). *See McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988) (holding that "a few months" of inactivity is insufficient to justify dismissal).

supervise his deputies, and that the subsequent denial of medical care resulted from a custom of denying care to inmates who filed grievances.  Medina alternatively argues that Ortiz ratified the constitutional violations.

A municipality cannot be held liable under Section 1983 without proof that an official policy or custom caused the constitutional violation and was adopted with deliberate indifference.  *Sanders–Burns v. City of Plano*, 594 F.3d 366, 380–81 (5th Cir.2010).  This generally requires the plaintiff to identify an official policy adopted by the municipality or a pattern of similar constitutional violations that indicates the existence of an informal custom or practice.  *Valle v. City of Houston*, 613 F.3d 536, 542, 547 (5th Cir. 2010).  A single incident can give rise to municipal liability only if the municipal actor who committed the constitutional violation "is a final policymaker."  *Id.* at 542.

Medina points to testimony that he characterizes as showing that Bexar County had a policy, custom, or practice that led to the excessive force.  First, Medina identifies statements in the deputies' affidavits that their actions were consistent with their training, and he thus infers that the deputies' use of excessive force resulted from their training.  But the deputies' account of events—which differs from Medina's—clearly does not describe excessive force, so their affidavits cannot be read to concede that they were trained to violate the Constitution.  Second, Medina points to statements in his own affidavit that a pattern of excessive force violations took place under Sheriff Ortiz.  But that affidavit is conclusory and fails to provide any details about these supposed incidents.  It thus does not create a fact issue on the existence of a policy or custom.  *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) ("[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).  The

district court therefore correctly held that no evidence shows Bexar County had a policy or custom causing the deputies' allegedly excessive force.

The same is true with respect to the Eighth Amendment claim for the subsequent denial of medical care. Medina relies entirely on evidence that Ortiz controlled his confinement and that he filed grievances complaining about the incident and his pain. But nowhere does Medina identify a pattern of similar occurrences, and therefore he cannot establish a policy or custom of constitutional violations. *See Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003) (holding that "isolated acts" generally cannot establish the existence of a custom or practice). And the "single incident exception" does not apply because no evidence suggests Ortiz himself was involved in the decision to deny Medina medical care. *See Valle*, 613 F.3d at 542 (holding the exception may apply if the violation results directly from a final policymaker's decision).

Finally, Medina's ratification theory fails. Ratification exists when a policymaker "approve[s] a subordinate's decision and the basis for it." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). The only evidence of ratification Medina identifies is that Ortiz accepted the officer's use of force report, refused to turn over evidence until the lawsuit was filed, and defends the deputies' actions in this case. None of these allegations show that Ortiz approved of the use of excessive force or the denial of medical care. *Peterson v. City of Fort Worth*, 588 F.3d 838, 848 (5th Cir. 2009) (refusing to find ratification based on "a policymaker who defends conduct that is later shown to be unlawful").

\* \* \*

Medina cleared what is typically the biggest hurdle in a civil rights case: he got past summary judgment on his excessive force claims against Bravo and Neri. That should have entitled him to a trial. Three decisions his counsel made prevented that trial from happening. First, counsel filed an interlocutory

appeal over which we plainly had no jurisdiction. Second, counsel neglected to notify the magistrate judge of the dismissal of the appeal or otherwise pursue the litigation once it was back in the trial court. Third, counsel failed to challenge on appeal the dismissal for lack of prosecution. It is unfortunate when a party suffers because of his counsel's mistakes. But the decisions made by Medina's counsel have placed this appeal in a posture in which the potentially meritorious challenge to the Rule 41(b) ruling was waived and the arguments that were timely asserted are unavailing. The judgment is AFFIRMED.