# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 18, 2022

Lyle W. Cayce
Clerk

No. 21-40202

Sherri D. Castille,

*Plaintiff—Appellant*,

*versus*

City of League City, Texas; League City Police Department; Anthony Tyler, Police Officer,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:20-cv-88

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant Sherri D. Castille challenges the district court's dismissal of the *Monell* claims she brought against the City of League City, Texas ("League City").

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40202

"We must examine the basis of our jurisdiction," and will do so on our motion if necessary. *Romero v. Davis*, 813 F. App'x 930, 932 (5th Cir. 2020) (unpublished); *see Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). We have jurisdiction over appeals from final decisions of the district courts. 28 U.S.C. § 1291. When an action involves multiple parties or claims, an order dismissing some of the claims is final for appellate purposes only if the district court (1) has made an express determination that there is no just reason for delay and an express direction for the entry of judgment, *see* Fed. R. Civ. P. 54(b), or (2) certifies the case for immediate appeal pursuant to 28 U.S.C. § 1292(b).

The district court dismissed Castille's *Monell* claims against League City. But Castille's claims against Anthony Tyler—whose alleged actions gave rise to this case—remain alive. And the district court has not certified the case as required by either Rule 54(b) or § 1292(b). We thus lack jurisdiction. *See Borne v. A&P Boat Rentals No. 4, Inc.*, 755 F.2d 1131, 1133 (5th Cir. 1985). We therefore DISMISS the appeal.