# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 27, 2023

Lyle W. Cayce
Clerk

No. 22-40616

Kevin Clay Lytle,

*Plaintiff—Appellant*,

*versus*

CEM Insurance Company, Incorporated,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:20-CV-186

_____

Before Haynes and Engelhardt, *Circuit Judges*, and Saldaña, *District Judge*.[*]

Per Curiam:[†]

This case began in a state district court involving Kevin Lytle's claims arising from damage to his truck. He originally sued Exeter Finance Corporation and Pronto Insurance Agencies, LP, which both answered the case (although Lytle settled and then nonsuited his claims against Exeter

_____

[*] United States District Judge for the Southern District of Texas, sitting by designation.

[†] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40616

while still in state court), and later sued CEM Insurance Company, which removed the case. Pronto was never dismissed. In the original petition filed in state court, it was called Pronto Insurance Agencies, LP, and was later referred to as Pronto Insurance Company in amended petitions. Pronto was named on the docket in the federal court and continued to be referenced in the case. Ultimately, CEM Insurance moved for summary judgment, which the district court granted. Notably, the district court, seemingly recognizing that another party was still in the case, did not enter a final judgment. Nonetheless, Lytle filed this appeal regarding only the summary judgment in favor of CEM Insurance.[1]

Although CEM Insurance contends that Pronto Insurance Company was a different defendant that was never served, at oral argument its counsel admitted it was not aware of a separate company with that name, and Lytle's counsel admitted it was a misnomer. *See In re Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325–26 (Tex. 2009) (explaining that the naming of the right party incorrectly is a misnomer, and the petition remains effective). Because a party remains in the case, and the district court did not direct entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b), the August 9, 2022 order granting CEM Insurance's motion for summary judgment is not a "final decision" for purposes of 28 U.S.C. § 1291. Thus, we lack appellate jurisdiction over this case, which remains pending in the district court. *See Borne v. A & P Boat Rentals No. 4, Inc.*, 755 F.2d 1131, 1133 (5th Cir. 1985). Accordingly, this appeal is DISMISSED for want of jurisdiction.

---

[1] Notably, the notice of appeal listed the case name as "Kevin Clay Lytle v. Pronto Insurance Agencies, LP and Exeter Finance Corporation." Because the appeal addressed only Lytle and CEM Insurance, the Clerk's Office set the case title used above.